**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 09-4050-01-CR-C-NKL |
| | ) | |
| PAUL WESLEY STRANGE, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

**ORDER**

After conducting an independent review of the record and applicable law and considering the objections, the Court adopts the report and recommendation of U.S. Magistrate Judge William A Knox [Doc. # 43]. For the reasons laid out clearly in Judge Knox's report and recommendation, Defendant Paul Strange's motion to suppress all evidence and testimony concerning items recovered from a search of 4718 Elnor Drive, Russelville, Cole County, Missouri, and any statements made by the Strange in relation to the search [Doc. # 21] must be GRANTED. The United States' objections have failed to call into question any material issue of law or fact in Judge Knox's analysis. Strange's request that this Court amend Judge Knox's findings of fact [Doc. # 58] is DENIED.

This Court finds that Vikki Strange acted as an agent of the U.S. government in communicating misrepresentations to her brother Paul Strange in order to gain consent for a police search of Paul Strange's house. Although the United States did not direct Vikki

Strange to engage in any conversation with Paul Strange, the United States acquiesced to these statements by failing to inform Paul Strange of their falsity when given the chance, by allowing Vikki Strange continued access to the scene of the search and to police recording equipment, and by failing to inform Vikki Strange about the extent to which her cooperation in collecting evidence against Paul Strange might absolve her of criminal liability. *See United States v. Weist*, 596 F.3d 906, 910 (8th Cir. 2010).

This Court further finds that the United States has not met its burden of proving beyond a preponderance of evidence that Paul Strange voluntarily consented to a search of his house. *See Schneckloth v. Bustamonte*, 412 U.S. 218, 248-49 (1973). The record demonstrates that Vikki Strange falsely informed Paul Strange, within hearing of police, that police would take Vikki Strange and her mother (also Paul Strange's mother) to jail if Paul Strange did not consent to the search. Where, as here, a suspect consents to a search in reliance upon promises or misrepresentations made by the police (or their agents), that weighs against a finding of voluntariness. *See United States v. Chaidez*, 906 F.2d 377, 380 (8th Cir. 1990). The United States has failed to produce convincing evidence that this misrepresentation did not lead to Paul Strange's consent, or that this consent was, in its totality, voluntary.

Finally, this Court refuses to amend Judge Knox's factual findings as requested by Strange. [Doc. 58]. The Court concurs with the factual findings contained in the Report and Recommendation.

s/ Nanette K. Laughrey
NANETTE K. LAUGHREY
United States District Judge

Dated: August 23, 2011
Jefferson City, Missouri